UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MARILYN OYOLA-NÚÑEZ, et al.,

    Plaintiffs,

    v.

HON. WILLIAM MIRANDA-MARÍN, et al.,

    Defendants.

Civil No. 08-2149 (JAF)

**OPINION AND ORDER**

Plaintiffs, Marilyn Oyola-Núñez, Myrna Vázquez-Flores, Marisol González-Ramos, Andrea Hernández-Bercedony, and Aida Cruz-Hernández, bring this action pursuant to 42 U.S.C. § 1983 against Defendants the Municipality of Caguas ("Caguas"); William Miranda-Marín, individually and in his official capacity as mayor of Caguas; the Municipality of Aguas Buenas ("Aguas Buenas"); Luis Arroyo-Chiqués, individually and in his official capacity as mayor of Aguas Buenas; the Municipal Alliance of Integrated Services ("AMSI"); Milka Cartagena-Ortiz, individually and in her official capacity as AMSI's Human Resources Director; Joaquín Santiago-Santos, individually and in his official capacity as AMSI's Executive Director; Rafael Matos, individually and in his official capacity as Director of the Aguas Buenas Local Office of AMSI ("Aguas Buenas Office"); and Vilma Valdés, individually and in her official capacity as Interim Director of the Aguas Buenas Office, alleging wrongful termination in violation of the First Amendment of the United States Constitution,

the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, and Puerto Rico law. <u>Document No. 28</u>. They seek reinstatement to their positions, back pay, and economic and punitive damages. <u>Id.</u> Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). <u>Docket No. 31</u>. Plaintiffs move to strike the motion to dismiss, but do not oppose. <u>Docket No. 32</u>.

## I.

### **Factual and Procedural History**

Unless otherwise noted, we derive the following factual summary from the complaint, <u>Docket No. 28</u>. As we must, we assume all of Plaintiffs' allegations to be true and make all reasonable inferences in their favor. <u>Alternative Energy, Inc. v. St. Paul Fire & Marine Ins., Co.</u>, 267 F.3d 30, 36 (1st Cir. 2001).

The Workforce Investment Act ("WIA"), 29 U.S.C. §§ 2801-945, was enacted "to provide workforce investment activities, through statewide and local workforce investment systems, that increase the employment, retention, and earnings of participants, and increase occupational skill attainment by participants and, as a result, improve the quality of the workforce." § 2811. AMSI and the Mountain Region Consortium are both consortiums operating under WIA to develop the workforce in different areas of Puerto Rico. These consortiums operate local offices in each of the municipalities that make up their territory. Most of their operating budgets come from the federal and Commonwealth governments. Until 2008, Aguas Buenas was

Civil No. 08-2149 (JAF)                                                      -3-

affiliated with the Mountain Region Consortium. Caguas is a member of AMSI.

Plaintiffs are five administrative staffers who began working at the Aguas Buenas Office between 1995 and 2002. They are all active members of the New Progressive Party ("PNP"), and their party affiliation was well known in the office. By 2008, Oyola-Núñez, Vázquez-Flores, Hernández-Bercedony, and Cruz-Hernández ("the ADEA Plaintiffs") were all over forty years old.

On November 2, 2004, Arroyo-Chiqués, a member of the Popular Democratic Party ("PPD"), was elected mayor of Aguas Buenas. Soon after taking office, in January 2005, Arroyo-Chiqués decided to substitute the PNP-affiliated personnel at the Aguas Buenas Office with people from his party. The Executive Director of the Mountain Region Consortium opposed this decision, saying that it would expose the Mountain Region Consortium to anti-discrimination lawsuits. Arroyo-Chiqués then decided that Aguas Buenas would leave the Mountain Region Consortium and join AMSI.

By July 1, 2008, Aguas Buenas began its transition to joining AMSI; the process was completed on October 1, 2008. When Plaintiffs learned that the Aguas Buenas Office would be joining AMSI, they wrote to Arroyo-Chiqués and expressed their desire to retain their jobs at the Aguas Buenas Office. On July 1, 2008, Valdés and Santiago-Santos visited the Aguas Buenas Office, along with several

Civil No. 08-2149 (JAF)                                                      -4-

AMSI employees. Valdés instructed Plaintiffs to explain their duties to the AMSI employees.

Plaintiffs had one-year contracts that had been renewed each year since the beginning of their employment. Their most recent contracts expired on July 31, 2008. Plaintiffs' contracts were not renewed. However, the two PPD-affiliated employees of the Aguas Buenas Office, who were substantially younger Plaintiffs, had their employment contracts renewed. The people who replaced Plaintiffs were PPD sympathizers who were significantly younger than the ADEA Plaintiffs.

Santiago-Santos has nominating authority for appointments in Aguas Buenas. Arroyo-Chiqués must agree to each appointment decision. Cartagena-Ortiz makes hiring recommendations, prepares employment documentation, and ensures that AMSI complies with legal and regulatory norms related to the appointment process. Arroyo-Chiqués, Valdés, Santiago-Santos, and Cartagena-Ortiz all knew of Plaintiffs' desires to remain in their positions at the Aguas Buenas Office. All Defendants together decided to hire or renew the contracts of the PPD-affiliated employees while not hiring or renewing the contracts of Plaintiffs.

On October 8, 2008, the ADEA Plaintiffs filed a charge of discrimination against AMSI before the Equal Employment Opportunity Commission ("EEOC"), alleging age discrimination in violation of the ADEA. On December 5, 2008, the EEOC issued them right-to-sue letters.

On January 12, 2009, Plaintiffs filed the present complaint in federal district court, alleging age discrimination, political discrimination, and violations of Puerto Rico law. Docket No. 28. Defendants moved to dismiss for failure to state a claim on January 22, 2009. Docket No. 31. Plaintiffs moved to strike, arguing that the motion to dismiss was unripe. Docket No. 32.

## II.

### Motion to Dismiss Standard Under Rule 12(b)(6)

A defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "[S]pecific facts are not necessary; the statements need only 'give the defendants fair notice of [the claim] and the grounds upon which it rests.'" Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89 (2007)).

### III.

### Analysis

Because we see no merit to Plaintiffs' assertion that the motion to dismiss is unripe, we deny the motion to strike, Docket No. 32, and consider Defendants' arguments. Defendants contend that we must dismiss Plaintiffs' complaint because (1) Plaintiffs have failed to state a claim of age or political discrimination; (2) municipal liability against Caguas and Aguas Buenas is improper; (3) Plaintiffs have not alleged sufficient facts against the individual defendants; and (4) since Plaintiffs' federal claims are deficient, we must dismiss the Commonwealth claims. Docket No. 31. We address these arguments in turn.

**A.   Political and Age Discrimination**

Plaintiffs assert that Defendants discriminated against them by deciding not to hire them or renew their employment contracts because of their age (for the ADEA Plaintiffs) and/or because they are members of the PNP.[1] Docket No. 28. Defendants argue that Plaintiffs have failed to state a claim of political or age discrimination because they did not have the right to have their contracts renewed

---

[1] Defendants contend that Plaintiffs' "failure to hire" and "non-renewal" claims conflict. Docket No. 31. We note that under Federal Rule of Civil Procedure 8(e)(2), parties may maintain inconsistent positions "until the late stages of proceedings in the trial court." Rodríguez-Suris v. Montesinos, 123 F.3d 10, 20 (1st Cir. 1997) (citing Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1555 (1st Cir. 1994)).

Civil No. 08-2149 (JAF)                                              -7-

and never turned in job applications to be hired by AMSI. Docket No. 31.

Under the ADEA, an employer may not "discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of [his] age." 29 U.S.C. § 623(a)(1). The First Amendment protects non-policymaking public employees from adverse employment actions based on their non-conforming political opinions. Rutan v. Republican Party of Ill., 497 U.S. 62, 75-76 (1990); Padilla-García v. Guillermo Rodríguez, 212 F.3d 69, 74 (1st Cir. 2000). Adverse employment decisions include dismissal, failure to reappoint or rehire, demotion, transfer, and reassignment. Rutan, 497 U.S. at 68-70.

A plaintiff may have a valid employment discrimination claim even if she had no contractual or legal property right in her job. See O'Hare Truck Serv., Inc., v. City of Northlake, 518 U.S. 712, 716-17 (1996); Elrod v. Burns, 427 U.S. 347, 359-60 (1976). The government may not condition public employment on an employee's political beliefs. See Elrod, 427 U.S. at 360 n.13. Nor may any employer take an adverse employment action against an employee who is over forty years old because of her age, regardless of whether that employee has a contractual right to her job. Torrech-Hernández v. Gen. Elec. Co., 519 F.3d 41, 48 (1st Cir. 2008); Andover Newton Theological Sch., Inc. v. Cont'l Cas. Co., 930 F.2d 89, 94 (1991).

To establish a Title VII claim – and by analogy, any employment discrimination claim – under a failure-to-hire theory, a plaintiff must allege that she applied for a vacant position for which she was qualified, and that she was not hired for the position. See Vélez v. Janssen Ortho, LLC, 467 F.3d 802, 807 (1st Cir. 2006); see also Meléndez v. SAP Andina y del Caribe, C.A., 518 F. Supp. 2d 344, 359 (D.P.R. 2007). A plaintiff's general, open-ended request for employment does not necessarily constitute a job application; rather, the plaintiff must show that she complied with the employer's standard application procedures. Vélez, 467 F.3d at 806-07.

As non-policymaking public employees, Plaintiffs have the right to be free from adverse employment actions based on both age and political affiliation. See 29 U.S.C. § 623(a)(1); Rutan, 497 U.S. at 75-76; Padilla-García, 212 F.3d at 74. Defendants urge us to reject Plaintiffs' claims for nonrenewal because AMSI was not legally required to absorb all employees of the Mountain Region Consortium from the Aguas Buenas office. Docket No. 31. However, Defendants were not permitted to terminate, refuse to retain or refuse to hire Plaintiffs simply on the basis of their age or political affiliation. See Elrod, 427 U.S. at 359-60.

Defendants further argue that Plaintiffs have not stated claims for failure to hire because they do not assert that they submitted formal job applications to retain their positions or be re-hired by AMSI. Docket No. 31. Plaintiffs all previously had contracts that had

Civil No. 08-2149 (JAF)                                                -9-

been continuously renewed for several years prior to July 31, 2008. They allege they gave notice to Defendants Arroyo-Chiqués, Santiago-Santos, Valdés, and Cartagena-Ortiz that they wanted to continue working at the Aguas Buenas Office and that, despite that notice, they were not re-hired. Without knowing more about the hiring or contract renewal process, we cannot determine whether Plaintiffs would typically have been required to submit formal applications to retain the jobs that they had held for years. Drawing inferences in favor of Plaintiffs, we find that Plaintiffs' notifications to their supervisors that they wished to keep their jobs sufficed as job applications. Cf. Vélez, 467 F.3d at 807 (granting summary judgment against employee on failure-to-hire claim where plaintiff indicated interest in, yet failed to submit required application for, transfer to new position).

Accordingly, we reject Defendants' arguments and find that Plaintiffs have stated claims for political discrimination and/or age discrimination.

**B.   Municipal Liability**

Defendants argue that Plaintiffs have failed to state claims against Caguas and Aguas Buenas and against Miranda-Marín and Arroyo Chiqués in their official capacities as mayors of Caguas and Aguas Buenas because Plaintiffs have not asserted the existence of an

unconstitutional policy attributable to the municipalities.[2] Docket No. 31.

Municipalities can be liable for constitutional violations under § 1983 only if the violations occur "pursuant to an official policy or custom." Welch v. Ciampa, 542 F.3d 927, 941 (1st Cir. 2008) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). A plaintiff can demonstrate the existence of an official policy by showing that her injury was caused by "a formal decision of a municipal legislative body, or by a person with final policymaking authority." Id. (citing Owen v. City of Independence, 445 U.S. 622 (1980); City of St. Louis v. Praprotnik, 485 U.S. 112, 123-24 (1988) (internal citation omitted)).

Here, Plaintiffs assert that Arroyo-Chiqués decided to ensure that all of the personnel at the Aguas Buenas Office were members of the PPD. When the Mountain Region Consortium expressed its disapproval, Arroyo-Chiqués decided that Aguas Buenas should leave the Mountain Region Consortium and join AMSI. Once the transition was complete, Plaintiffs' contracts were not renewed and they lost their jobs. As mayor of Aguas Buenas, Arroyo-Chiqués had to agree to appointments to the Aguas Buenas Office. Plaintiffs have sufficiently asserted that Arroyo-Chiqués was involved in the alleged wrongful

---

[2] Defendants also argue that plaintiffs in a civil rights action must meet a heightened pleading standard to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Docket No. 31. The First Circuit has held that there is no heightened pleading standard for civil rights actions. Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004).

termination as a person with final policymaking authority. See Praprotnik, 485 U.S. at 123-24. Accordingly, municipal liability is proper against Aguas Buenas. However, Plaintiffs do not allege any specific actions or decisions by Miranda-Marín as a final policymaker of Caguas. We, therefore, dismiss the claim against Caguas. We discuss the claim against Miranda-Marín below.

### C.   Claims against Arroyo-Chiqués, Miranda-Marín, Santiago-Santos, Cartagena-Ortiz, Matos, and Valdés

Defendants argue that we must dismiss the claims against Arroyo-Chiqués, Miranda-Marín, Santiago-Santos, Cartagena-Ortiz, Matos, and Valdés because Plaintiffs have failed to allege sufficient facts implicating each of them. Docket No. 31.

Plaintiffs state that Arroyo-Chiqués decided to ensure that all of the personnel at the Aguas Buenas Office were members of the PPD, and determined that Aguas Buenas should leave the Mountain Region Consortium and join AMSI because the Mountain Consortium would not permit him to terminate Plaintiffs. They also assert that Santiago-Santos, as Executive Director of AMSI, had "nominating authority," which we assume means the authority to suggest or confirm appointments. Finally, they state that Cartagena-Ortiz, as AMSI's Human Resources Director, makes hiring recommendations and has the duty to ensure that the appointment process complies with legal and regulatory norms. Plaintiffs have, thus, stated facts implicating Arroyo-Chiqués, Santiago-Santos, and Cartagena-Ortiz. Their claims against Miranda-Marín, Matos, and Valdés are more tenuous.

Civil No. 08-2149 (JAF)                                                         -12-

Plaintiffs' only accusations against Valdés are that, on July 1, 2008, she instructed them to explain to AMSI employees how they performed their duties, and that she was aware that Plaintiffs wished to continue working at the Aguas Buenas Office. They make no particular allegations against Matos or Miranda-Marín. However, they assert that all Defendants, together, discussed and agreed upon the decision not to renew Plaintiffs' contracts, and did so knowing that their decision was discriminatory. While Plaintiffs' assertions regarding Miranda-Marín, Matos, and Valdés are somewhat vague, they are sufficient to survive a motion to dismiss. See Fed. R. Civ. P. 8(a). Therefore, we find that Plaintiffs have stated sufficient facts against all individual defendants.

**D.   Supplemental Claims**

Because we retain Plaintiffs' First Amendment and ADEA claims, we do not dismiss their claims under Puerto Rico law.

**IV.**

**Conclusion**

In accordance with the foregoing, we **DENY** Plaintiffs' motion to strike, Docket No. 32, and **GRANT IN PART** Defendant's motion to dismiss, Docket No. 31. All claims against the Municipality of Caguas are **DISMISSED WITH PREJUDICE**. All other claims remain.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of May, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge