|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |
| MARILYN OYOLA-NÚÑEZ, et al., | |
| Plaintiffs, | Civil No. 08-2149 (JAF) |
| v. | |
| WILLIAM MIRANDA-MARÍN, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiffs, Marilyn Oyola-Núñez, Myrna Vázquez-Flores, Marisol González-Ramos, Andrea Hernández-Bercedony, and Aida Cruz-Hernández, brought this action pursuant to 42 U.S.C. § 1983 against Defendants, the Municipality of Caguas ("Caguas"); William Miranda-Marín, individually and in his official capacity as mayor of Caguas; the Municipality of Aguas Buenas ("Aguas Buenas"); Luis Arroyo-Chiqués, individually and in his official capacity as mayor of Aguas Buenas; the Municipal Alliance of Integrated Services ("AMSI"); Milka Cartagena-Ortiz, individually and in her official capacity as AMSI's Human Resources Director; Joaquín Santiago-Santos, individually and in his official capacity as AMSI's Executive Director; Rafael Matos, individually and in his official capacity as Director of the Aguas Buenas Local Office of AMSI ("Aguas Buenas Office"); and Vilma Valdés, individually and in her official capacity as Interim Director of the Aguas Buenas Office. (Docket No. 28.) They alleged wrongful termination in violation of the First Amendment of the United States

Civil No. 08-2149 (JAF)                                                  -2-

Constitution, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, and Puerto Rico law. (Id.) On May 5, 2005, we granted in part Defendants' motion to dismiss and dismissed all claims against Caguas. (Docket No. 45.) Plaintiffs now move for reconsideration under Federal Rule of Civil Procedure 59(e) (Docket No. 49), and Defendants oppose (Docket No. 51). Defendants also move for reconsideration under Rule 59(e). (Docket No. 50.)

Pursuant to Federal Rule of Civil Procedure 59(e), we entertain motions for reconsideration to (1) correct manifest errors of law or fact, (2) consider newly discovered evidence, (3) incorporate an intervening change in the law, or (4) otherwise prevent manifest injustice. See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); see also Dr. Jose S. Belaval, Inc. v. Pérez-Perdomo, 465 F.3d 33, 37 n.4 (1st Cir. 2006); Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997); FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992).

Defendants argue that Plaintiffs have failed to state a claim for age discrimination because Plaintiffs were not initially employees of AMSI and never formally applied for positions at AMSI. (Docket No. 50.) As we stated before, without knowing more about the hiring or contract renewal process, we cannot determine whether Plaintiffs would typically have been required to submit formal

Civil No. 08-2149 (JAF)                                                    -3-

applications to retain their jobs or be hired by AMSI. Defendants may raise this argument again on summary judgment, when we are empowered to go beyond the pleadings to examine the hiring and transfer practices at AMSI and the Aguas Buenas Office.

Plaintiffs argue that we should reconsider our decision to dismiss all claims against Caguas. (Docket No. 49.) For the first time, they assert that Caguas is a necessary party under Federal Rule of Civil Procedure 19(a) as Caguas is a member of AMSI and, therefore, liable under Puerto Rico law in any action against AMSI. (Id.) Defendants counter that Caguas is not a necessary party under Puerto Rico law and, alternatively, if we find Caguas to be necessary, we must join all municipalities that are members of AMSI. (Docket No. 51.)

When a party fails to properly develop a legal theory in its complaint or in its opposition to a motion to dismiss, we need not consider that theory on a motion for reconsideration. Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006). Here, Plaintiffs never argued that Caguas was a necessary party under Rule 19(a); nor did they clarify that the liability they sought against Caguas was solely as a member of the partnership constituted by AMSI and its member municipalities. Therefore, we decline to reconsider our decision that Plaintiff has failed to state a claim against Caguas. See Iverson, 452 F.3d at 104.

We, therefore, **DENY** Defendant's motion for reconsideration (Docket No. 49), and **DENY** Plaintiff's motion for reconsideration (Docket No. 50).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 25th day of June, 2009.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge